UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CODY BURNSIDE, individually and on behalf of all others similarly situated, § § § | |
| Plaintiff, § § | |
| v. § § | CIVIL ACTION NO. _____ |
| HELMERICH & PAYNE, INC. § § | JURY TRIAL DEMANDED |
| Defendant. § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Cody Burnside (referred to as "Plaintiff" or "Burnside") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Helmerich & Payne, Inc. (referred to as "Defendant" or "H&P"). In support thereof, he would respectfully show the court as follows:

### I. Nature of Suit

1. Burnside's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers..." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. § 206(a), 207(a), 211(c).

1

3. H&P violated the FLSA by employing Burnside and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours...at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1). Specifically, H&P requires each hourly employee under its control to arrive at least thirty (30) minutes prior to the start of their shift in order to attend mandatory meetings, and are also required to attend mandatory meetings after the conclusion of their shifts. The employees are not paid for these meetings.

4. H&P violates the FLSA by failing to maintain accurate time and pay records for Burnside and other similarly situated nonexempt employees as required by 29 U.S.C § 211(c) and 29 C.F.R. pt. 516.

5. Burnside brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1),(2) because H&P resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Burnside's claims occurred in the Houston Division of the Southern District of Texas.

## III. Parties

8. Burnside is an individual who resides in Texas, and who has been employed by H&P during the last three years.

9. H&P is a for profit corporation doing business in the State of Texas and may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, in Dallas, Texas 75201.

10. Whenever it is alleged that Helmerich & Payne, Inc. committed any act or omission, it is meant that H&P's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Helmerich & Payne, Inc. or was done in the routine and normal course and scope of employment of H&P's officers, directors, vice-principles, agents, servants or employees.

### IV. Facts

11. H&P is engaged in the business of onshore oil extraction and does business in the territorial jurisdiction of this Court.

12. Burnside was employed by H&P from approximately March of 2014 to September 2015 as a roughneck.

13. During Burnside's employment he was engaged in commerce or the production of goods for commerce. H&P was an enterprise engaged in commerce because it (1) has employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) has an annual gross volume of sales made or business done of at least $500,000.

14. H&P paid Burnside on an hourly basis.

15. Burnside regularly worked in excess of forty hours a week.

16. H&P knew or reasonably should have known that Burnside worked in excess of forty hours a week.

17. H&P did not pay Burnside overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

18. H&P required Burnside to report to work to attend mandatory pre-shift and post-shift meetings.

19. Because H&P failed to compensate Burnside for the time spent at the mandatory pre-shift and post-shift meetings, Burnside was not paid for all hours worked and does not receive all of the overtime pay of time and one half of his regular pay for hours worked over 40 in a workweek.

20. H&P fails to maintain accurate time and pay records for Burnside as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

21. H&P knew or showed reckless disregard for whether its pay practices violated the FLSA.

22. H&P is liable to Burnside for his unpaid overtime wages, liquidated damages, and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

23. All hourly workers required to attend mandatory meetings off the clock employed by H&P are similarly situated to Burnside because they (1) have similar job duties; (2) are and were required to attend pre-shift and post-shift meetings that they were not compensated for; (3) regularly work in excess of forty hours per week; (4) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (5) are entitled to recover their unpaid overtime wages, liquidated damages and attorney's fees and costs from H&P pursuant to 29 U.S.C. § 216(b).

### V. Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

24. Burnside adopts by reference all of the facts set forth above.

25. As an employee with H&P, Burnside was a nonexempt employee.

26. As a nonexempt employee, H&P is legally obligated to pay Burnside "at a rate not less than one and one-half times the regular rate at which he [was] employed" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

27. H&P did not pay Burnside overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

28. Specifically, Burnside was not paid for attending mandatory pre-shift and post-shift meetings.

29. H&P payed Burnside overtime at a rate less than one and one-half times the regular rate at which he is employed.

30. If H&P classified Burnside as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the FLSA.

31. H&P knew or showed reckless disregard for whether its pay practices violate the overtime requirements of the FLSA.

### VI. County Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

32. Burnside adopts by reference all of the facts set forth above.

33. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

34. In addition to the pay violations of the FLSA described above, H&P also failed to keep proper time and pay records as required by the FLSA.

### VII. Count Three—Collective Action Allegations

35. Burnside adopts by reference all of the facts set forth above.

36. On information and belief, other employees have been victimized by H&P's violations of the FLSA as identified above and throughout this complaint.

37. These employees are similarly situated to Burnside because, during the relevant time period, they held similar positions, were required to attend mandatory pre-shift and post-shift meetings off the clock, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a work week.

38. H&P's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

39. Since, on information and belief, Burnside's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

40. All employees of H&P, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore property defined as:

> All hourly workers required to attend mandatory meetings off the clock by Helmerich & Payne Inc. during the last three years.

41. Helmerich & Payne Inc. is liable to Burnside and the other hourly workers required to attend mandatory meetings off the clock for the difference between what it actually paid them and what it was legally obligated to pay them.

42. Because H&P knows and/or shows a reckless disregard for whether its pay practices violate the FLSA, the company owes Burnside and the other hourly workers required to attend mandatory meetings off the clock their unpaid overtime wages for at least the last three years.

43. H&P is liable to Burnside and the other hourly workers required to attend mandatory meetings off the clock in an amount equal to their unpaid overtime wages as liquidated damages.

44. H&P is liable to Burnside and the other hourly workers required to attended mandatory meetings off the clock for their reasonable attorneys' fees and costs.

45. Burnside has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Jury Demand

46. Burnside hereby demands a trial by jury.

## IX. Prayer

47. Burnside prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

   b. judgment awarding Burnside and the other hourly workers required to attend mandatory meetings of the clock all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. postjudgment interest at the applicable rate;

   d. incentive awards for any class representatives(s); and

   e. all such other and further relief to which Burnside and the other hourly workers required to attend mandatory meetings of the clock may show themselves to justly entitled to.

Respectfully submitted,

WYLY & COOK, PLLC

By: /s/ Kelly E. Cook
Kelly E. Cook
State Bar No. 24062675
Federal ID No: 1022069
Brad T. Wyly
Texas State Bar No. 24042198
Federal ID No. 37505
Michael J. Bins
Texas State Bar No. 24080792
Federal ID No. 2405730
4101 Washington Ave.
Houston, Texas 77007
(713) 236-8330 Telephone
(713) 863-8502 Telefax
kcook@wylycooklaw.com
bwyly@wylycooklaw.com
mbins@wylycooklaw.com
**ATTORNEYS FOR PLAINTIFFS**